```
               UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

R.N. b/n/f of P.N.
and R.N. individually

   v.                                            Civil No. 15-cv-420-JD
                                                     Opinion No. 2017 DNH 042

Geoffrey Rogan


O R D E R

    R.N. brings suit on behalf of his son, P.N., and himself, alleging federal and state claims that arose from an incident when New Hampshire State Trooper, Geoffrey Rogan, while off duty intervened to stop P.N., who was wearing a costume, from interacting with cars that were driving down Continental Boulevard in Merrimack, New Hampshire.  Rogan moved for summary judgment, and R.N. objected.  Rogan moves to strike certain information and statements in R.N.'s objection, and R.N. objects to that motion.

    Rogan moves to strike personal information about Rogan presented in R.N.'s memorandum in support of his objection to summary judgment that Rogan contends is irrelevant, unfairly prejudicial, speculative, inadmissible, and contrary to the factual record.  Rogan also moves to strike certain statements in R.N.'s objection and in the affidavits of R.N. and P.N. because those statements are not supported by record evidence

and contradict the deposition testimony of R.N. and P.N.  R.N. objects to the motion to strike on the grounds that it attacks evidence that should be addressed in a motion in limine for trial, not in the context of summary judgment, and that the challenged statements are not contradicted by deposition testimony.

A.  <u>Personal Information</u>

   Rogan relies on Federal Rule of Civil Procedure 56(e) as grounds to strike the challenged evidence about him.  It appears that Rogan may have intended to rely on the version of Rule 56(e) before the 2010 amendments.  In any case, Rogan is correct that evidence that would not be admissible at trial is not competent to support summary judgment.  <u>See, e.g.</u>, Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993); Federico v. Town of Rowley, 2016 WL 7177888, at *1 (D. Mass. Dec. 7, 2016).  Ordinarily, a challenge to such evidence is presented in the objection to summary judgment.[1]   Fed. R. Civ. P. 56(c)(2); Wilber v. Curtis, 2016 WL 5334649, at *2 (D. Mass. Sept. 22, 2016).

---

[1] Motions to strike pursuant to Federal Rule of Civil Procedure 12(f) are limited to challenges to pleadings.  Because a motion for summary judgment is not a pleading, Rule 12(f) does not apply.  Pilgrim v. Trs. of Tufts College, 118 F.3d 864, 868 (1st Cir. 1997), (abrogated on other grounds by Crowley v. L.L. Bean, Inc., 303 F.3d 387 (1st Cir. 2002)).

2

It appears that the personal information about Rogan that R.N. provides in his objection is irrelevant and immaterial to his claims and that it was included only to present Rogan in an unfavorable light.  In his objection to Rogan's motion to strike, R.N. argues that there is record support for the personal information but does not argue or show that the information is relevant or material to prove his claims.  The court will not consider the challenged personal information for purposes of Rogan's motion for summary judgment.[2]

B.  Affidavits and Statements

Rogan also moves to strike certain other statements in R.N.'s objection.  Some of the statements were provided in P.N.'s and R.N.'s affidavits, and other statements appear to be challenged on the grounds that they lack record support.[3]

1.  Affidavits

Rogan contends that statements in the affidavits provided by P.N. and R.N. are unsupported and are contrary to their deposition testimony.  R.N. objects, arguing that the affidavits

---

[2] The personal information need not be struck as the objection was filed under seal.

[3] Rogan presents jumbled arguments challenging statements in R.N.'s objection with little development or citation to authority.  The court has sorted through the challenges as they appear to be raised.

do not need to be supported by evidence in the records and that they do not contradict deposition testimony.

A motion to strike, other than a motion under Federal Rule of Civil Procedure 12(f), may be used to challenge parts of affidavits submitted in support of, or in opposition to, summary judgment. Turner v. Hubbard Sys., Inc., 153 F. Supp. 3d 493, 495-96 (D. Mass. 2015). Affidavits used to oppose summary judgment "must be based upon personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In addition, "[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4 (1st Cir. 1994) (sham affidavit rule); accord Porietis v. Tradesmen Int'l, LLC, --- F. Supp. 3d ---, 2017 WL 27935, at *2, n.3 (D. Me. Jan. 3, 2017); Federico, 2016 WL 7177888, at *1.

    a.  Competence of affidavits

Rogan challenges certain statements in P.N.'s objection because "[t]hese statements are unsupported by any witness' [sic] deposition testimony and rely purely on P.N.'s and R.N.'s

second-in-time affidavits."  He argues that because other witnesses contradict the statements in the affidavits, the affidavits cannot be considered for summary judgment.

While statements in affidavits must be based on the affiants' personal knowledge, there is no requirement that statements in affidavits be supported by other record evidence. Such a requirement would contradict Rule 56(c)(1)(A). Further, affidavit statements that are contradicted by other record evidence are disputed for purposes of summary judgment.[4] Therefore, to the extent Rogan seeks to exclude statements in R.N.'s objection because they are supported by the affidavits of R.N. and P.N. without other corroborating evidence and because the statements are contradicted by other record evidence, that is not a valid objection in this case.

### b. Sham affidavits

Rogan contends that P.N.'s and R.N.'s statements in their affidavits are contradicted by their deposition testimony.  As Rogan's analysis demonstrates, the statements are not directly contradicted by their deposition testimony but instead are open to various interpretations.  Rogan has not shown that P.N. and R.N. gave sham affidavits.

---

[4] The court does not make credibility determinations for purposes of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

5

C. <u>Deposition Testimony</u>

To the extent Rogan challenges P.N.'s deposition testimony as being unsupported by the evidence, he has not shown that is a valid basis for disregarding deposition testimony. Rogan does not explain why deposition pages not cited in the objection must be struck from the record. To the contrary, additional parts of depositions may give context to specific statements.

D. <u>Unsupported statements</u>

A party opposing summary judgment must show that a fact cannot be disputed or is disputed by citing to appropriate materials in the record. Fed. R. Civ. P. 56(c)(1). To the extent affidavits and deposition testimony cited by R.N. do not support statements in the objection, however, those statements are not properly supported and will not be considered. Fed. R. Civ. P. 56(e).

For example, R.N. states in the objection to summary judgment that P.N. never engaged in any threatening behavior, never entered the street, and that Rogan did not identify himself until P.N. was tackled. Those statements are not supported by the record cited. Instead, P.N.'s behavior is open to interpretation. He was on the sidewalk part of the time, and he did not hear Rogan identify himself. The statements in the objection are taken in light of the supporting record.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to strike (document no. 25) is granted to the extent the court will not consider the personal information about the defendant that is included in the plaintiff's objection to summary judgment or statements that are not properly supported and is denied as to the remaining issues.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

March 6, 2017

cc: Matthew T. Broadhead, Esq.
Lawrence A. Vogelman, Esq.